WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES GUSTAFSON, on behalf of himself and all other persons similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>GOODMAN MANUFACTURING COMPANY )<br>L.P., and GOODMAN GLOBAL, INC., )<br><br>Defendants. ) | No. 3:13-cv-8274-HRH<br>(Prescott Division) |

<u>O R D E R</u>

<u>Motion to Dismiss</u>

Defendants move to dismiss plaintiff's complaint.[1]  This motion is opposed.[2]  Oral argument was requested but is not deemed necessary.

<u>Background</u>

Plaintiff is James Gustafson.  Defendants are Goodman Manufacturing Company, L.P. and Goodman Global, Inc.

---

[1]Docket No. 10.

[2]Docket No. 20.

Plaintiff alleges that "[i]n or around 2010, [he] purchased a remodeled home" and that "[s]oon thereafter, [he] purchased two Goodman Products for the purpose of cooling and heating his home" from Carey's Air Conditioning, Heating & Plumbing.[3]  Plaintiff alleges that he paid "approximately $16,000" for the two Goodman Products.[4]  Plaintiff's Goodman Products came with a "Limited Warranty" which provides that "[t]his heating or air conditioning unit is warranted by Goodman Manufacturing Company ... to be free from defects in materials and workmanship that affect performance under normal use and maintenance[.]"[5]  The Limited Warranty further provides that "Goodman will furnish a replacement part, without charge for the part only, to replace any part that is found to be defective due to workmanship or materials under normal use and maintenance."[6]  The Limited Warranty does "not apply to labor, freight, or any other cost associated with the service, repair or operation of the unit."[7]  The Limited Warranty applies for ten years if the owner registers his unit, but only applies for five years if the owner does not register his

[3]Class Action Complaint at 4, ¶ 12 & 13, ¶ 47, Docket No. 1.

[4]Id. at 13, ¶ 47.

[5]Limited Warranty at 1, Exhibit A, Class Action Complaint, Docket No. 1.

[6]Id.

[7]Id.

unit.[8]  Plaintiff has not alleged that he registered his unit, but plaintiff does allege that he purchased "an Extended 10-Year Warranty covering parts and labor for the two Goodman Products."[9]

Plaintiff alleges that after he purchased the two Goodman Products, "[o]ver the next 24 months, [his] Goodman Products regularly failed to emit cool air and, therefore, failed to cool his house."[10]  Plaintiff alleges that he contacted Carey's "no fewer than 12 separate times to fix his Goodman Products...."[11]  Plaintiff alleges that each time, "a technician would come out and repair the Goodman Units, either by replacing leaked Freon in the Goodman Products, repair[ing] or replac[ing] any defective parts, or any other such repair deemed necessary."[12]  Plaintiff alleges that because his "Goodman Products were under warranty, Carey's did not charge for labor or the repairs it performed."[13]  Plaintiff alleges that in 2013, he "became so frustrated with the failure of his Goodman Products..., he

---

[8]Id.

[9]Class Action Complaint at 13, ¶ 47, Docket No. 1.

[10]Id. at ¶ 48.

[11]Id.

[12]Id.

[13]Id.

purchased a Bi-Annual Maintenance Agreement ... from River Valley Air Conditioning, Inc. for both of his Goodman Products at a total cost of $266.00."[14]

Plaintiff alleges that the leakage of refrigerant in the Goodman Products was caused by defective evaporator coils.[15] He further alleges that "the refrigerant leakage is due to a defect in the design and manufacturing of the Goodman Products that existed from the date of manufacture" and that "[d]efendants knew about the defects in the Goodman Products."[16] Plaintiff alleges that "Goodman provided certain of its distributors a $300 allowance for each Goodman Product they sold because the refrigerant leakage problem was so widespread."[17]

Plaintiff alleges that he was not alone in his frustration with defendants' products. In his complaint, plaintiff includes numerous negative comments about defendants' products that other consumers posted on the internet.[18] Plaintiff also includes comments posted by service technicians who "criticized the poor quality of Goodman products...."[19]

---

[14]Id. at 13-14, ¶ 49.

[15]Id. at 1, ¶ 3.

[16]Id. at 1, ¶ 4 & 2, ¶ 8.

[17]Id. at 2, ¶ 8.

[18]Id. at 14-21, ¶ 52.

[19]Id. at 21-22, ¶ 53.

On November 20, 2013, plaintiff commenced this action.  Plaintiff brings this action "on behalf of himself and all persons and/or entities in Arizona who purchased air conditioners, air handlers, and heat pumps manufactured by Goodman Manufacturing Co., L.P. under the trade names Goodman® and Amana® ... between November 20, 2009 [and] November 20, 2013, [and] who incurred damages as a result of having to repair their Goodman Products due to leakage of refrigerant."[20]   In his Class Action Complaint, plaintiffs alleges a breach of express warranty claim and an Arizona Consumer Fraud Act (ACFA) claim.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendants now move to dismiss plaintiff's claims.

<u>Discussion</u>

"Rule 12(b)(6) authorizes courts to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'"  <u>In re Rigel Pharmaceuticals, Inc. Securities Litig.</u>, 697 F.3d 869, 875 (9th Cir. 2012) (quoting Fed. R. Civ. P. 12(b)(6)).  "To avoid dismissal, the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "[A] plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'"  <u>OSU Student Alliance v. Ray</u>, 699 F.3d 1053, 1061 (9th

---

[20]<u>Id.</u> at 1, ¶ 1 (footnote omitted).

Cir. 2012) (quoting <u>Pinnacle Armor, Inc. v. United States</u>, 648 F.3d 708, 721 (9th Cir. 2011)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." <u>Adams v. U.S. Forest Srvc.</u>, 671 F.3d 1138, 1142-43 (9th Cir. 2012).

Defendants first argue that plaintiff has failed to state plausible claims because plaintiff has not alleged that he suffered any damages. Damages are an essential element of both plaintiff's breach of express warranty claim and of his ACFA claim. <u>See</u> <u>Dillon v. Zeneca Corp.</u>, 42 P.3d 598, 602 (Ariz. Ct. App. 2002) (the plaintiffs' breach of express warranty claim based on statement made by sales rep failed because they suffered no loss as a result of the statement); <u>Grand v. Nacchio</u>, 147 P.3d 763, 782 n.16 (Ariz. Ct. App. 2006) ("element of consumer fraud action is showing of 'consequent and proximate injury'").

Defendants argue that plaintiff has not alleged any damages because he has alleged that Carey's did not charge for any labor or parts and thus he has not alleged that he suffered any out-of pocket losses. Defendants argue that the $266 that plaintiff alleges he paid for the preventative maintenance contract cannot be considered an out-of-pocket loss because plaintiff chose to incur this cost voluntarily and because the Limited Warranty provides that Goodman Manufacturing is not responsible for "normal maintenance" or for "[d]amages or repairs required as a result of any improper ... maintenance...."[21] Defendants

---

[21]Limited Warranty at 1, Exhibit A, Class Action Complaint, Docket No. 1.

also argue that plaintiff's damages cannot be based on any contention that he incurred labor costs because the Limited Warranty provides that it does "not apply to labor, freight, or any other cost associated with the service, repair or operation of the unit."[22]

In U.C.C. cases, "damages in cases of breach of warranty are ordinarily measured by the difference between the actual value of the article sold and its value if it were as warranted." Downs v. Shouse, 501 P.2d 401, 406 (Ariz. Ct. App. 1972).   Actual damages in a consumer fraud case include out-of-pocket expenses. Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992) (citing Parks v. Macro-Dynamics, Inc., 591 P.2d 1005, 1009 (Ariz. Ct. App. 1979)).

Plaintiff has adequately alleged that he suffered actual damages as a result of defendants' breach of warranty and violation of the ACFA.[23]  Plaintiff has alleged that he had to have his Goodman Products repaired twelve times in a two-year period.   A reasonable inference that can be drawn from this fact is that the value of the products plaintiff purchased may have been different from their value if they were free of defects as warranted.  Plaintiff has also alleged that he incurred out-of-pocket expenses in the amount of $266.  Although plaintiff voluntarily purchased the maintenance contract, he alleges that he did so because of "the failure of his Goodman Products to perform as expected and

---

[22]Id.

[23]Because plaintiff's allegations of actual damages are sufficient, the court need not address defendants' argument regarding incidental or consequential damages.

advertised[.]"[24]   Based on these allegations, it is plausible that plaintiff suffered actual damages as a result of defendants' alleged conduct.  Whether or not plaintiff can prove the damages he alleges is an issue to be determined when the merits of plaintiff's complaint are before the court.

But even if plaintiff has adequately alleged damages, which he has, defendants argue that his breach of express warranty claim must still be dismissed because he has not adequately alleged that defendants breached the Limited Warranty.  The Limited Warranty provides that "[a]s its only responsibility, and your only remedy, Goodman will furnish a replacement part, without charge for the part only, to replace any part that is found to be defective due to workmanship or materials under normal use and maintenance."[25]  To state a plausible breach of express warranty claim, defendants argue that plaintiff must allege that defendants "refused or otherwise failed to pay" for any replacement parts. Chaurasia v. General Motors Corp., 126 P.3d 165, 169 (Ariz. Ct. App. 2006); see also, Baba v. Hewlett Packard Co., Case No. C 09–5946 RS, 2012 WL 5336971, at *7 (N.D. Cal. Oct. 26, 2012) (quoting Chaurasia, 126 P.3d at 169) (under Arizona law, "HP cannot have breached the warranty if it upheld its obligation to repair or replace the defective product.   On the other hand, if HP 'refused or otherwise failed to pay for the repair to a covered item,' it

---

[24]Class Action Complaint at 13, ¶ 49, Docket No. 1.

[25]Limited Warranty at 1, Exhibit A, Class Action Complaint, Docket No. 1.

would stand in breach"). Defendants argue that the allegations in plaintiff's complaint show that Goodman Manufacturing lived up to its warranty obligations because plaintiff has alleged that each time he experienced a problem with his Goodman Products, he was not charged for any parts that were needed to fix the problem. Defendants insist that because plaintiff has alleged that he did not pay for any parts, he has failed to allege that the Limited Warranty was breached.

Defendants are essentially arguing that plaintiff will not be able to prove a breach of the Limited Warranty, but the question of whether plaintiff will be able to prove a breach of the Limited Warranty goes to the merits of plaintiff's claim, not to the adequacy of plaintiff's pleading. The question here is whether it is plausible, based on plaintiff's allegations, that defendants breached the Limited Warranty.

As to that question, plaintiff's complaint contains sufficient factual allegations to make his claim that defendants breached the Limited Warranty plausible. Plaintiff expressly alleges[26] that defendants breached the provision of the Limited Warranty which states that "[t]his heating or air conditioning unit is warranted by Goodman Manufacturing ... to be free from defects in materials and workmanship that affect performance under normal use and maintenance[.]"[27] Plaintiff alleges that defendants breached this provision

---

[26]Class Action Complaint at 27, ¶ 67, Docket No. 1.

[27]Limited Warranty at 1, Exhibit A, Class Action Complaint, Docket No. 1.

because the Goodman Products contained defective evaporator coils that caused the refrigerant to leak from the units thereby preventing normal use.  These allegations are sufficient to  suggest that defendants breached the Limited Warranty.

Defendants next argue that plaintiff's breach of express warranty claim fails because plaintiff did not give proper notice of the alleged breach.  To maintain a breach of warranty claim in a U.C.C. case, "[t]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]"  A.R.S. § 47-2607(C)(1).   The alleged breaching party must be given direct notice, which can be accomplished by the filing of a complaint.  Burge v. Freelife Int'l, Inc., Case No. CV 09–1159–PHX–JAT, 2009 WL 3872343, at *6 (D. Ariz. Nov. 18, 2009).  But, the complaint must be filed without reasonable delay.  "Ordinarily, whether notice was given within a reasonable time is a question of fact for the jury, 'unless it appears that only one finding can legally be derived from the circumstances.'"  Id. at *5   (quoting Pace v. Sagebrush Sales Co., 560 P.2d 789, 792 (Ariz. 1977)).

In Burge, the court held that complaints filed between 17 and 33 months after the plaintiffs learned of the alleged breach were unreasonably delayed as a matter of law.  Id. at *6.  In Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1116 (D. Ariz. 2003), the court held that "two years constitutes unreasonably delayed notice."  And, in Pace, the court found four months was an unreasonable delay.  Pace, 560 P.2d at 792.

-10-

Here, plaintiff's complaint was filed in 2013, at least two years after he discovered, or should have discovered, the breach of warranty.  Thus, as a matter of law, plaintiff's complaint was not filed within a reasonable time and it cannot serve as notice to defendants.

Plaintiff contends, however, that his complaint was not the only direct notice he gave.  He contends that he provided direct notice to defendants in 2011 "when he spoke to [d]efendants' representatives in Texas about the problems he was experiencing with his units."[28] Plaintiff contends that "[t]he Goodman claims representative provided [p]laintiff with a reference case number for his complaints."[29]  But, there are no allegations in plaintiff's complaint to support these contentions.  Plaintiff's complaint contains no allegations about his having contacted defendants' representatives in 2011.

Plaintiff also argues that defendants received direct notice of the problems he was having with his Goodman Products each and every time Carey's replaced a part because defendants were providing the parts.  But there are no allegations in his complaint to support this contention.  Plaintiff has not alleged that Carey's had to contact defendants each time it needed a replacement part and this would not be a reasonable inference to draw from the factual allegations in plaintiff's complaint.  It is just as likely that Carey's

---

[28]Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint at 9, Docket No. 20.

[29]Id.

had a supply of parts on hand and had no need to contact defendants when it repaired plaintiff's units.

In sum, plaintiff has not alleged that he gave defendants notice of the alleged breach of warranty within a reasonable time.  Thus, plaintiff has not stated a plausible breach of express warranty claim,  and this claim is dismissed.  Plaintiff will be given leave to amend as to this claim because it is possible that he will be able to allege that he gave defendants' direct notice of the alleged breach of warranty within a reasonable time.

Defendants next argue that even if plaintiff adequately alleged damages, which he has, his ACFA claim still fails because it is barred by the statute of limitations.  ACFA claims are subject to a one-year statute of limitations.  <u>Murry v. W. Amer. Mortg. Co.</u>, 604 P.2d 651, 654 (Ariz. Ct. App. 1979).  "A cause of action under the ACFA accrues when the consumer discovered or with reasonable diligence could have discovered both the 'what' and 'who' elements of the fraud."  <u>Burge</u>, 2009 WL 3872343, at *7 (quoting <u>Lawhon v. L.B.J. Institutional Supply, Inc.</u>, 765 P.2d 1003, 1007 (Ariz. Ct. App. 1988)).  This occurs when the consumer knows whose products were involved and that the products were not performing as expected.  <u>Id.</u>

Plaintiff alleges that he bought his Goodman Products in 2010 and that over the next 24 months, he had to have them repaired twelve times.  Based on these allegations, it is clear that by at least 2011, plaintiff knew the "who" and "what" elements of his ACFA

claim.  By at least 2011, plaintiff knew whose products were involved and that the products were not performing as expected.  Because plaintiff did not file his complaint until November 2013, his ACFA claim is barred by the statute of limitations,[30] and this claim is dismissed.  Plaintiff will not be given leave to amend as to this claim because any amendment would be futile.  <u>Carrico v. City and County of San Francisco</u>, 656 F.3d 1002, 1008 (9th Cir. 2011).

Conclusion

Defendants' motion to dismiss[31] is granted.  Plaintiff's claims are dismissed.  Plaintiff is given leave to amend as to his breach of express warranty claim only.  Plaintiff's amended complaint, should he choose to file one, shall be filed on or before May 19, 2014.

DATED at Anchorage, Alaska, this <u>28th</u> day of April, 2014.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[30]Because plaintiff's ACFA claim is barred by the statute of limitations, the court need not consider defendants' particularity and failure to disclose arguments or defendants' argument based on <u>Sullivan v. Pulte Home Corp.</u>, 290 P.3d 446, 454 (Ariz. Ct. App. 2012).

[31]Docket No. 10.