WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Gustafson,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Goodman Manufacturing Company LP, et al.,<br><br>　　　　　　Defendants. | No. CV-13-08274-PCT-JAT<br><br>**ORDER** |

**Sealing Documents**

Pending before the Court is a motion for class certification (Doc. 54) the supporting memorandum for which was filed completely under seal. (Docs. 53 and 65). This Court has not undertaken to determine whether this procedure was consistent with the parties' protective order (Doc. 41).

Regardless, this Court finds that the Order permitting filing under seal does not articulate the basis for sealing as required under Ninth Circuit law. *See Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003) (requiring the district court, prior to sealing to, "consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.... After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.") (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

Cir.1995)). Further, Plaintiff has failed to articulate, on an item by item basis, why each line of the memorandum must be under seal. *See San Jose Mercury News, Inc. v. U.S. District Court - - Northern District (San Jose),* 187 F.3d 1096, 1103 (9th Cir. 1999) (party must make "a particularized showing of good cause with respect to any individual document").

Accordingly, Plaintiff will be required to file an unsealed, redacted version of the memorandum in support of the motion for class certification. For each item Plaintiff redacts, Plaintiff must file (under seal) a motion to seal, articulating a specific basis (supported by law) that would justify sealing each redacted item individually. To allow this Court to articulate its factual basis for any ruling, Plaintiff may not make generalized assertions like "all items are trade secrets," but instead must explain how each document or item qualifies as a trade secret (Plaintiff's motion to seal must also include justification for sealing any related document currently under seal).

In filing any future documents in this case (including responses and replies to the motion for class certification), the parties must follow this procedure. Specifically, before any party files any document under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Finally, at least 5 days before any document will be filed in which a party will seek to seal the opposing parties' information, the parties shall confer to determine whether the opposing party will waive the confidentiality designation. If not, then the filing party shall file a motion to seal when the document is filed, and the opposing party who designated the documents as confidential shall, within 1 day, file a supporting memorandum justifying why its documents must be sealed.

**Deadlines**

The Court notes that the deadlines set in this case by the prior Judge already far exceed the amount of time to litigate a case that the Court would have permitted. *See* 28 U.S.C. § 473(a)(2)(B) (district courts should have cases to trial within eighteen months of when they are filed). While the Court will not accelerate the deadlines currently set for briefing the motion for class certification, or the close of discovery and the filing of dispositive motions, the parties are cautioned that there will be **NO EXTENSIONS** of these deadlines. Further, if the parties have already received extended briefing schedules for any future motions, those deadlines are vacated. Other than the motion for class certification currently pending, all responses and replies will be due within the deadlines set by the Local Civil Rules. The Court will hear oral argument on the Motion for Class Certification on March 2, 2016 at 1:30.

Finally, the Court will set a firm trial date (in the event no dispositive motion is granted) of January 9, 2017 at 9:00 a.m. Again, there will be no continuances of this deadline. Thus, counsel should advise all witnesses and experts of this trial date immediately and have them arrange their calendars accordingly; further counsel shall be satisfied of their availability for this trial date, and if in doubt, ensure that other members of the law firm will be available to try the case.

**Conclusion**

**IT IS ORDERED** that Plaintiff shall file a redacted, unsealed motion for class certification, and all related documents, by November 9, 2015. Plaintiff shall contemporaneously file a sealed motion to seal as detailed above.

**IT IS FURTHER ORDERED** setting oral argument on the motion for class certification (Doc. 54) for March 2, 2016 at 1:30 p.m. To assist the Court Reporter, each party shall prepare and bring a table of authorities to oral argument.

/ / /

/ / /

1       **IT IS FINALLY ORDERED** setting trial to begin <u>January 9, 2017 at 9:00 a.m.</u> If the Court denies all dispositive motions, Plaintiff shall file a Notice of Readiness for a Final Pretrial Conference within 5 days of the Order denying the motions.

      Dated this 30th day of October, 2015.

_____
James A. Teilborg
Senior United States District Judge